UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin E. PONCE RAMIREZ,<br>CDCR #BS8397,<br>Plaintiff,<br>v.<br>SAN DIEGO COUNTY, et al.,<br>Defendants. | Case No.: 26-cv-01167-JO-VET<br>**ORDER DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(ii) AND 1915A(b)(1)**<br>**[Dkt. 1]** |

Martin E. Ponce Ramirez, a state prisoner proceeding *pro se*, filed this civil rights suit under 42 U.S.C. § 1983, alleging that correctional officers violated his constitutional rights while he was in custody at George Bailey Detention Facility. Dkt. 1 at 1. For the reasons stated below, the Court dismisses Plaintiff's complaint with leave to amend.

1. Because the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), Dkt. 3, it screens his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), a court may *sua sponte* dismiss a case if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief."
2. Upon screening, the Court dismisses the complaint as untimely with leave to amend. Section 1983 claims borrow California's two-year statute of limitations

for personal injury actions, along with California's tolling law, to the extent consistent with federal law. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1. Here, Plaintiff alleges San Diego County Sheriff's Department officials failed to protect him from other prisoners, leading to his being assaulted in December 2019. Dkt. 1 at 4. Because Plaintiff did not file suit until February 10, 2026—more than six years after his alleged assault—the Court finds that his claim is facially time-barred by the statute of limitations. *See Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004).

3. Plaintiff has not pled facts that would render his claim timely pursuant to statutory and equitable tolling. California statute tolls the limitations period for up to two years for prisoners serving less than a life sentence. Cal. Civ. Proc. Code § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Plaintiff appears to have remained in custody since his 2019 arrest, so the Court presumes the two-year tolling applies—making his claim timely only if filed by December 2023. Because he filed suit in February 2026, his claim is untimely unless he further alleges facts supporting equitable tolling for an additional two years and two months.

4. Plaintiff has not plausibly alleged facts supporting equitable tolling. California requires a showing of (1) diligent pursuit of the claim, (2) circumstances beyond the plaintiff's control, and (3) lack of prejudice to defendants. *See Hull v. Cent. Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State*, 21 Cal.3d 313, 316–17 (Cal. 1978). Though Plaintiff alleges he pursued the subject claim through the California Government Claims Program, his filing was rejected as untimely because it was not presented within six months of the event. Dkt. 1-2 at 8. An untimely government claim does not support equitable tolling. *See Baker v. German*, No. 1:16-cv-01873-AWI-SAB (PC), 2018 WL 276762, at *4 (E.D. Cal. Jan. 3, 2018) ("Plaintiff is not entitled to

exhaustion-based tolling because his appeal was cancelled as untimely."); *see also Beaudoin v. Schlachter*, 672 F. App'x 706, 707 (9th Cir. 2016) ("The district court properly found that [claimant] was not entitled to equitable tolling for the period that he pursued his related tort claim under the California Tort Claims Act ('CTCA') because that claim was untimely.").

5. Because Plaintiff may be able to plead facts that would entitle him to equitable tolling, Plaintiff is granted leave to file an amended complaint **within 45 days of the date of this order**. Any amended complaint must be complete by itself without reference to prior pleadings; any defendants not named and claims not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. Civ. L. R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with leave to amend may be considered waived if not re-pled in the amended pleading).

6. Should Plaintiff fail to file an amended complaint within 45 days, his case will be dismissed based on his failure to prosecute in compliance with this order. *See Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal.").

**IT IS SO ORDERED.**

Dated: July 31, 2026

Hon. Jinsook Ohta
United States District Judge